**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

*In Re: Atrium Medical Corp., C-Qur Mesh Products Liability Litigation*
*MDL No. 2753*

Civil Action No. ___1:18-cv-00020___
*(Jury Trial Demanded)*

_____

## SHORT FORM COMPLAINT

Come now the Plaintiff(s) named below, by and through their attorneys at ___Simmons Hanly Conroy, LLC___,

and for their Complaint against the Defendants named below, incorporate the Master Long Form

Complaint in MDL No. 2753 by reference.  Plaintiff(s) further show the Court as follows:

1. Plaintiff

    Debra S. Buck
    _____

2. Consortium Plaintiff

    N/A
    _____

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator)

    N/A
    _____

4. Current State of Residence

    Michigan
    _____

5. State of Residence at the Time of Implant (if different)

    Michigan
    _____

6. State of Residence at the Time of Explant (if applicable and different)

    Michigan
    _____

7. District Court and Division in which venue would be proper absent direct
    filing___Western District of Michigan, Lansing Division___

_____

8.  Defendants (Check Defendants against whom Complaint is made):

    [x]    A. Atrium Medical Corporation ("Atrium");

    [x]    B.  Maquet Cardiovascular US Sales, LLC ("Maquet");

    [x]    C.  Getinge AB ("Getinge");

9.  Basis of Subject Matter Jurisdiction

    [x]    Diversity of Citizenship

    A.  Paragraphs in Master Complaint upon which venue and jurisdiction lie:

1-26

_____

_____

    B.  Other allegations of jurisdiction and venue:

N/A

_____

_____

_____

10. Defendants' products implanted in Plaintiff  (Check products implanted in Plaintiff)

    [ ]    A. C-QUR;

    [ ]    B. C-QUR Mosaic;

    [ ]    C. C-QUR Edge;

    [x]    D. C-QUR TacShield;

    [ ]    E. C-QUR Lite Mesh V-Patch

    [ ]    F. C-QUR Mesh V-Patch

    [ ]    G.  Other C-QUR mesh product

_____

_____

11. Defendants' Products about which Plaintiff is making a claim.  (Check applicable products)

☐    A. C-QUR;

☐    B. C-QUR Mosaic;

☐    C. C-QUR Edge;

☒    D. C-QUR TacShield;

☐    E. C-QUR Lite Mesh V-Patch

☐    F. C-QUR Mesh V-Patch

☐    G.  Other C-QUR mesh product;

_____

_____

12. Date of Implantation as to Each Product

December 3, 2013
_____

_____

_____

13. Date of Explant as to Each Product

April 6, 2014
_____

_____

_____

14. Hospital(s) where Plaintiff was implanted (including City and State)

SH Sparrow Hospital
_____

Lansing, MI
_____

15. Implanting Surgeon(s)

Nicole M. Zaremba, MD

_____

16. Hospital(s) Where Plaintiff Had Explant (including City and State, if applicable)

SH Sparrow Hospital

Lansing, MI

17. Explanting Surgeon(s)

Hiromichi, Ito, MD

_____

18. Plaintiff alleges the following injury(ies) he or she suffered as a result of the implantation of the subject C-QUR mesh product.

Including, but not limited to, removal surgery, pain and infection.

_____

_____

19. Counts in the Master Complaint brought by Plaintiff(s)

- [x] Count I - Negligence

- [x] Count II – Strict Liability – Design Defect

- [x] Count III – Strict Liability – Manufacturing Defect

- [x] Count IV – Strict Liability – Failure to Warn

- [x] Count V – Strict Liability – Defective Product

- [x] Count VI – Breach of Express Warranty

- [x] Count VII – Breach of Implied Warranties of Merchantability and Fitness of Purpose

- [x] Count VIII – Fraudulent Concealment

- [x] Count IX – Constructive Fraud

- [x] Count X – Discovery Rule, Tolling and Fraudulent Concealment

- [x] Count XI – Negligent Misrepresentation

[x]      Count XII – Negligent Infliction of Emotional Distress

[x]      Count XIII – Violation of Consumer Protection Laws

[x]      Count XIV – Gross Negligence

[x]      Count XV – Unjust Enrichment

[ ]      Count XVI – Loss of Consortium

[x]      Count XVII – Punitive or Enhanced Compensatory Damages

[ ]      Other _____ (please state the facts supporting this Count under applicable state law in the space immediately below)

[ ]      Other _____(please state the facts supporting this Count under applicable state law in the space immediately below)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

WHEREFORE, Plaintiff(s) demand(s) judgment against Defendants, and each of them, individually, jointly and severally and prays for the following relief in accordance with applicable law and equity:

     i.     Compensatory damages to Plaintiff(s) for past, present, and future damages, including, but not limited to, pain and suffering for severe and permanent personal injuries sustained by Plaintiff(s), permanent impairment, mental pain and suffering, loss of enjoyment of life, past and future health and medical care costs, and economic damages including past and future lost earnings and/or earning capacity, together with interest and costs as provided by law;

    ii.     Restitution and disgorgement of profits;

iii.    Punitive or enhanced compensatory damages;

iv.    Reasonable attorneys' fees as provided by law;

v.    The costs of these proceedings, including past and future cost of the suit incurred

herein;

vi.    All ascertainable economic damages;

vii.    Survival damages (if applicable);

viii.    Wrongful death damages (if applicable);

ix.    Prejudgment interest on all damages as is allowed by law; and

x.    Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff(s) hereby demand(s) a trial by jury on all issues so triable.

Dated: January 8, 2018 _____

/s/ John J. Foley
_____

John J. Foley (IL Bar No. 6288152)
Trent B. Miracle (IL Bar No.6281491)
Jayne Conroy (NY Bar No. 2796134)
SIMMONS HANLY CONROY, LLC
One Court Street Alton, IL 62002
(618) 259-2222
(618) 259-2251 (fax)
jfoley@simmonsfirm.com
tmiracle@simmonsfirm.com
jconroy@simmonsfirm.com

*Attorney(s) for Plaintiff(s)*